FILED'06 MAR 23 07:38USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TERRY F. Zdun, et al., | Civil No. 05-6210-HO |
| Plaintiffs, | ORDER |
| v. | |
| PAULA HENDERSON, Revenue Agent, and DOES 1-10, et al., as individuals, | |
| Defendants. | |

Plaintiffs filed petitions seeking to quash Internal Revenue Service (IRS) summonses, a bill of particulars, injunctive relief, and damages. Defendant IRS Agent Paula Henderson filed motions to dismiss the petitions for lack of subject matter jurisdiction. For the reasons that follow, defendant's motions are granted.

## Discussion

Defendant contends that the United States is the real party

1 - ORDER

in interest, plaintiffs failed to properly serve the United States, plaintiffs did not timely challenge summonses issued to banks, plaintiffs are not authorized to challenge summonses issued to them, and defendant is immune from suit for damages. Plaintiffs respond that the petitions arise from defendant's unlawful summonses and refusal to honor plaintiffs' "Demand for Administrative Remedy" and not from the revenue code, and plaintiffs properly served Henderson, who is the real party in interest and is sued as an individual.

Accepting plaintiffs' contentions, plaintiffs have no personal recourse against Henderson. Adams v. Johnson, 355 F.3d 1179, 1184-85 (9th Cir. 2004).

While they sue Henderson as an individual, plaintiffs simultaneously allege that in her official capacity or under color of law, Henderson failed to respond to their "Demand for Administrative Remedy." Pet. [#9] at 2. Plaintiffs argue that this failure constitutes a violation of the Administrative Procedures Act (APA) and abridges plaintiffs' right to due process.[1] Resp. [#17] at 18. There can be no judicial review under the APA independent of another statute. Oregon Natural Resources Council v. Thomas, 92 F.3d 792, 797 (9th Cir. 1996). As noted, plaintiffs maintain this proceeding does not arise

---

[1] Plaintiffs identify no authority holding they have an interest protected by the Due Process Clause in receiving a response to their "Demand for Administrative Remedy."

2 - ORDER

under the revenue code.

Based on plaintiffs' assertions, this court lacks subject matter jurisdiction over the petitions. The court need not consider defendant's additional arguments.

## Conclusion

Based on the foregoing, defendant's motions to dismiss [#4] and [#13] are granted. This proceeding is dismissed.

IT IS SO ORDERED.

DATED this 22nd day of March, 2006.

                                  Michael R. Hogan
                                  United States District Judge